UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAMP-SWING PRICING COMPANY,<br><br>    Plaintiff,<br><br>    v.<br><br>SUPER MARKET MERCHANDISING AND SUPPLY, INC.,<br><br>    Defendant. | Case No.  12-cv-02445-WHO<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**<br><br>Re: Dkt. No. 71 |

## INTRODUCTION

Plaintiff Clamp-Swing Pricing Company has moved for leave to file a second amended complaint. Dkt. No. 71. Defendant Super Market Merchandising and Supply, Inc. ("SMM") opposes the motion. Dkt. No. 79. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument, and hereby VACATES the hearing scheduled for November 13, 2013. For the reasons stated below, the Court GRANTS the motion.

## DISCUSSION

The parties are competitors in the supermarket signage and display products market. On May 14, 2012, Clamp-Swing filed a complaint against SMM for patent infringement. Dkt. No. 1. Clamp-Swing filed an amended complaint on September 26, 2012 which accused additional SMM products brought to market after the initial complaint was filed and asserted an additional patent newly issued to Clamp-Swing. Dkt. No. 29. Clamp-Swing now seeks leave to file a second amended complaint adding SMM's founder and sole shareholder, Kevin Knasel, as a defendant under an alter ego theory of liability.

SMM opposes the motion (Mr. Knasel has not appeared in this action), arguing that i) amendment is futile because Clamp-Swing "has a small chance of overcoming the legal

1  requirements to pierce the corporate veil of SMM" and ii) adding Mr. Knasel as a defendant would
2  prejudice Mr. Knasel because the alter ego theory is a "last minute cause of action" that comes as
3  a "complete surprise" to Mr. Knasel, and discovery is closed, trial is set for July 2014, and "all
4  other related deadlines are quickly approaching."

5        SMM's arguments are not persuasive.  Federal Rule of Civil Procedure 15 instructs that
6  "[t]he court should freely give leave [to amend pleadings] when justice so requires."  Fed. R. Civ.
7  P. 15(a)(2).  This policy in favor of amendments is subject to limitation "where the amendment of
8  the complaint would cause the opposing party undue prejudice, is sought in bad faith, constitutes
9  an exercise in futility, or creates undue delay."  *Ascon Properties, Inc. v. Mobil Oil Co.*, 866 F.2d
10 1149, 1160 (9th Cir. 1989).  None of those circumstances is present here.

11       Clamp-Swing alleges, and SMM does not dispute, that Mr. Knawel has acted as SMM's
12 corporate representative throughout the litigation.  Therefore, amendment would not unduly
13 prejudice or surprise Mr. Knasel.  He is presumably aware of the facts that would allow him to
14 defend against a claim of alter ego status, and if he is indeed the alter ego of SMM, he is fully
15 aware of the underlying facts which may subject him (and SMM) to liability.  His defenses on the
16 merits in the underlying patent infringement action are presumably the same as SMM's defenses,
17 i.e., non-infringement and invalidity.  To the extent that Mr. Knasel will need additional discovery
18 to understand Clamp-Swing's alter ego contentions, Mr. Knasel can move the Court for the
19 appropriate relief, setting forth why he believes such relief is appropriate.  SMM's statement that
20 Clamp-Swing is "at liberty" to file a separate action against Mr. Knasel is all the more reason to
21 allow the proposed amendment.  Dkt. No. 79 at 4.  Adding Mr. Knasel to this action instead of
22 filing a new action against him preserves the Court's and the parties' resources.

23       There is no evidence that Clamp-Swing's motion is in bad faith.  Rather, the record
24 suggests that Clamp-Swing moved to add Mr. Knasel as a defendant promptly after it received the
25 information that forms the basis for its alter ego allegations.

26       Mr. Knasel will have the opportunity to move to dismiss the alter ego allegations against
27 him.  On this record, however, SMM has not demonstrated that "no set of facts can be proved"
28 that would render Mr. Knasel the alter ego of SMM.  *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209,

1  214 (9th Cir. 1988) ("However, a proposed amendment is futile only if no set of facts can be
2  proved under the amendment to the pleadings that would constitute a valid and sufficient claim or
3  defense."). Clamp-Swing's proposed amended is thus not futile.
4  　　　　The Court does not agree that adding Mr. Knasel as a defendant will create undue, or in
5  fact any, delay. Trial is over six months away and the alter ego allegations do not add complexity
6  to the patent issues underlying this action.

## CONCLUSION

Clamp-Swing's motion for leave to file a second amended complaint is GRANTED. Within five days of this Order, Clamp-Swing shall file the amended complaint as a separate document on the docket.

**IT IS SO ORDERED**.

Dated: November 8, 2013

WILLIAM H. ORRICK
United States District Judge